IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-195-FL

| | |
|---|---|
| ASHLEY J. HINTON, on behalf of herself and M.U.H., a minor child, <br><br> Plaintiffs, <br><br> v. <br><br> LENOIR COUNTY PUBLIC SCHOOL BOARD, L. STEPHEN MAZINGO, ODIE LEAVEN, and KELLY JARMAN, <br><br> Defendants. | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court for continued frivolity review following the court's entry of an order requiring Plaintiff to particularize her complaint. Plaintiff filed objections[1] to the order and provided additional information but failed to provide the information requested by the court's April 30, 2015, order. For the reasons set

---

[1] Plaintiffs also object to the undersigned's review of the case without their consent. Pursuant to 28 U.S.C. § 636, a district judge "may designate a magistrate judge to hear and determine" nondispositive pretrial matters pending before the court. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A magistrate judge may also be designated to make proposed findings of fact and recommendations for a district judge's disposition of any dispositive matters. 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). A party's consent is not required for the magistrate judge's exercise of authority pursuant to § 636(b)(1)(A) or (B). *See, e.g., In re Artis*, 955 F.2d 40 (4th Cir. 1992) ("[M]agistrate judges may act on preliminary, nondispositive matters without the consent of the parties . . . ."). As the undersigned has acted in accordance with the district judge's designation pursuant to 28 U.S.C. § 636(b)(1), Plaintiffs' objection to the undersigned's authority should be overruled.

out below, the undersigned RECOMMENDS that Plaintiff's claims against Defendants be DISMISSED.

Plaintiff Hinton brings this action alleging violations of her rights under the Americans with Disabilities Act, as well as on behalf of her minor child, M.U.H., for violations under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"),[2] and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

Hinton reports that she is disabled due to injuries suffered from a car accident in 2008, Wolff Parkinson-White syndrome, and post-traumatic stress disorder ("PTSD"). Hinton additionally states that M.U.H. is disabled due to a diagnosis of Asperger's syndrome, a form of autism. As a result of the autism, M.U.H. suffers from a speech impediment that causes stuttering. Hinton contends that Defendants discriminated against her and M.U.H. by not providing M.U.H. with a free and appropriate public education ("FAPE") and retaliating against M.U.H. for Hinton's actions against the school system. Hinton states, "[M.U.H.] has been wrongfully excluded from participation in [the Lenoir County Public School Board's] services, programs, & activities, then further discriminated upon/against, as well as retaliated upon/against by all defendants set out [in the complaint]." (Compl. at 3 [DE #12].)

---

[2] In 2004, the Individuals with Disabilities Education Improvement Act ("IDEIA") was enacted to reauthorize the IDEA. *See* Pub. L. No. 108-446, 118 Stat. 2647 (2004) (effective July 1, 2005). However, the short title of the IDEIA expressly provides that the law may be cited as the "Individuals with Disabilities Education Act." 20 U.S.C. § 1400(a). For consistency, the undersigned will continue herein to cite to the law as the IDEA.

2

Plaintiffs assert that Defendants discriminated against M.U.H. by: (1) denying him a FAPE; (2) failing to evaluate M.U.H. since 2009; (3) not providing M.U.H. with a behavioral plan; (4) attempting to force Hinton to medicate M.U.H.; (5) putting M.U.H. in a classroom with "regular" students; (6) and fabricating M.U.H.'s grades to make it seem as if M.U.H. was progressing. Plaintiffs request the following relief: (1) that the court declare that Defendants' "actions &/or omissions . . . have violated [Plaintiffs'] rights, privileges, & immunities under the color of law per N.C. & U.S. Constitutions & federal disability statutes"; (2) that the court appoint counsel and award attorney's fees; (3) that compensatory and punitive damages be awarded; (4) that the court order Defendants to issue a public apology; and (5) that Defendants be "[o]rder[ed] . . . to pay M.U.H.'s full tuition, in another county private school setting for [the] last 4 years [M.U.H.] has left in school." (Compl. at 11.)

By order filed April 30, 2015, the court informed Plaintiffs that their complaint failed to provide information indicating they had exhausted their administrative remedies as required to establish this court's jurisdiction over their IDEA claim. (April 30, 2015, Order [DE #15] at 7-8.) In light of Plaintiffs' pro se status and out of an abundance of caution, the undersigned directed Plaintiffs to particularize the complaint no later than May 22, 2015, by filing with the court "a supplement to the complaint setting forth such facts as to inform the court whether they have exhausted their administrative remedies prior to filing suit under the IDEA." (*Id.* at 8.) The undersigned further denied Plaintiffs' request for appointment of counsel, but the

case was submitted for consideration by the court's pro bono panel. No response has been received from the pro bono panel.

Plaintiffs filed an objection to the April 30, 2015, order on May 20, 2015, and provided some additional information. However, Plaintiffs did not provide facts to inform the court whether their administrative remedies have been exhausted. Specifically, Plaintiffs did not indicate whether or not M.U.H. has received an unfavorable State Review Officer ("SRO") decision as required under the statute. *See* N.C. Gen Stat. § 115C-109.9(a); *E.L. ex rel. Lorsson v. Chapel Hill-Carborro Bd. of Educ.*, 773 F.3d 509, 513 (4th Cir. 2014) (citing 20 U.S.C. § 1415(i)(2)). Plaintiffs merely provide a conclusory statement that they were illegally prevented by Defendants from pursuing their administrative remedies and that Defendants should be "estopped from asserting plaintiffs' non-compliance." (Objection to April 30, 2015, Order [DE #17] at 4.) No facts are provided to support Plaintiffs' claim that Defendants prevented them from pursuing their administrative remedies. Thus, Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiffs' claims against Defendants be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

4

You shall have until August 24, 2015, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 6th day of August 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge