IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CV-195-FL

| | | |
|---|---|---|
| ASHLEY J. HINTON; and ASHLEY J. HINTON, on behalf of M.U.H., a minor child,[1] | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| LENOIR COUNTY PUBLIC SCHOOL BOARD, L. STEPHEN MAZINGO, ODIE LEAVEN, and KELLY JARMAN, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on frivolity review of plaintiffs' pro se complaint, pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), wherein it is recommended that plaintiffs' complaint be dismissed for failure to state a claim upon which relief may be granted. Plaintiffs filed objections to the M&R on August 26, 2015. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the M&R in part and dismisses the complaint.

---

[1] As set forth herein, the court construes the claims asserted in this action as brought by Ashley J. Hinton, on behalf of herself, and by Ashley J. Hinton, on behalf of M.U.H., a minor child. The court has constructively amended the caption of this order to so reflect. The clerk is directed to change the case caption on the docket to reflect the parties as set forth above.

**STATEMENT OF THE CASE**

Plaintiffs initiated this action by complaint entered on the docket on April 30, 2015. (Compl., DE 16). Plaintiff Ashley J. Hinton, on behalf of herself and minor child, ("M.U.H."), alleges violations of their rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 et seq. ("ADA"), the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[2] Plaintiffs assert that defendants discriminated against M.U.H. by: (1) denying him a free and appropriate public education ("FAPE"); (2) failing to evaluate M.U.H. since 2009; (3) not providing M.U.H. with a behavioral plan; (4) attempting to force Hinton to medicate M.U.H.; (5) putting M.U.H. in a classroom with "regular" students; (6) and fabricating M.U.H.'s grades to make it seem as if M.U.H. was progressing. (Compl., DE 16).

With respect to plaintiffs' IDEA claim, plaintiffs request defendants pay M.U.H.'s tuition at a private school for M.U.H.'s remaining school years; that defendants publicly apologize to M.U.H. and plaintiff; and that the court award unspecified compensatory and punitive damages. Plaintiffs also requested to proceed in forma pauperis ("IFP"), and for court appointed counsel.

On April 30, 2015, the magistrate judge granted plaintiffs' IFP petition and directed plaintiffs to particularize their complaint so the court could determine whether administrative remedies had been exhausted, as required to establish federal jurisdiction. (April 30, 2015, Order, DE 15 at 7-8). Instead of particularizing the complaint, on May 20, 2015, plaintiffs filed an objection to the magistrate judge's April 30, 2015 order, arguing that the magistrate judge had no jurisdiction over

---

[2] Plaintiffs pleaded no facts regarding the basis for the ADA and Rehabilitation Act claims. Further, plaintiffs failed to object to the magistrate judge's dismissal of all claims, not limited to those under the IDEA. As a result, the ADA and Rehabilitation Act allegations are dismissed without further discussion.

2

plaintiffs' claims and stating that plaintiffs were prevented by defendants from pursuing their administrative remedies, but providing no particular facts as to how defendants did so. (Obj. to April 30, 2015, Order, DE 17 at 4).[3] The M&R, issued on August 6, 2015, recommends that plaintiffs claims against defendants be dismissed for failure to exhaust the administrative remedies.

Plaintiffs filed objections to the M&R on August 26, 2015, asserting that the administrative remedy exhaustion requirement is unconstitutional; that plaintiffs in fact attempted to exhaust the administrative remedies and were thwarted by ineffective counsel; and further, that defendants falsely represented to plaintiffs that the matter was closed and no administrative remedies were available. (Obj. to M&R, DE 19). In addition, plaintiffs sought leave to amend their complaint to add a claim under 42 USC § 1983, alleging race-based discrimination styled as a claim under the 14th Amendment and Title VII of the Civil Rights Act, as well as leave to join as defendant plaintiffs' former attorney, Monica Moncrieffe, for hindering plaintiffs' ability to pursue their ADA and IDEA claims effectively. (Id. at 5-6).

## FACTUAL BACKGROUND[4]

Plaintiff reports that she is disabled due to injuries suffered from a car accident in 2008, Wolff Parkinson-White syndrome, and post-traumatic stress disorder ("PTSD"). Plaintiff additionally alleges that M.U.H., who is approximately twelve years old, is disabled due to a diagnosis of Asperger's syndrome, a form of autism. (Compl. at 3, DE 16). As a result of the

---

[3] Plaintiffs objected to the magistrate judge's review of the case without consent. Pursuant to 28 U.S.C.§ 636(b)(1), however, a magistrate judge may be designated to make proposed findings of fact and recommendations for a district court judge's disposition of any dispositive matters. 28 U.S.C. § 636(b)(1)(A)-(B). Consent is not required for the magistrate judge's exercise of such authority. See Orpiano v. Johnson, 687 F.2d 44, 45 (4th Cir. 1982). As a result, plaintiffs' objection to the magistrate judge's authority properly was overruled.

[4] The court adopts and incorporates herein in large part the background set forth in the M&R, augmented where necessary in light of the court's analysis of plaintiffs' objections.

3

autism, M.U.H. suffers from a speech impediment that causes stuttering. Plaintiffs contend that defendants discriminated against them by not providing M.U.H. with a FAPE, and retaliating against M.U.H. for plaintiff Hinton's actions against the school system. Plaintiffs state, "[M.U.H.] has been wrongfully excluded from participation in [the Lenoir County Public School Board's] services, programs, & activities, then further discriminated upon/against, as well as retaliated upon/against by all defendants set out [in the complaint]." (Compl. at 3, DE 16). Specifically, plaintiffs allege that M.U.H. was no longer allowed to go on field trips, or receive "extras," such as free haircuts and Christmas gifts, and that M.U.H. was unable to keep up in the classroom setting assigned to him, even though school officials "fabricated" his grades to make it appear as if he was progressing. Id. at 5. Plaintiffs also claim that M.U.H.'s educational plan has not been evaluated since 2009, and that school officials have not set in place a current behavioral plan for M.U.H. Id. at 5.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

4

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

    1.     Motion to Amend

A plaintiff is allowed to amend her complaint as a matter of right within 21 days of filing of the complaint, or prior to defendant's answer, pursuant to Federal Rule of Civil Procedure 15. Therefore, plaintiffs' motions to amend the complaint to add a new claim under 42 USC § 1983 and join former retained counsel Moncrieffe as a defendant are GRANTED. The court addresses below frivolity review of the amended claim along with plaintiffs' other claims.

5

2. Frivolity Review

   a. Amended Claims

Upon frivolity review of the amended claims, the court determines that the claims fail as a matter of law. Plaintiffs present no facts to support a claim based on racial discrimination under 42 USC § 1983, and as a result, the court DISMISSES this claim. In light of the court's conclusions regarding the claims under the IDEA, as addressed below, joining former retained counsel Moncrieffe to the action is futile. Additionally, the court does not have jurisdiction over any malpractice claim plaintiffs may bring. Plaintiffs' amended claims against Moncrieffe thus are DISMISSED for failure to state a claim and for lack of subject matter jurisdiction.

   b. IDEA Claims

Plaintiffs make three arguments in objection to the magistrate judge's determination that they provided insufficient facts to establish exhaustion of administrative remedies and federal court jurisdiction. Plaintiffs allege that the administrative remedies are unconstitutional; that, regardless of constitutionality, plaintiffs have attempted to exhaust the remedies and were thwarted in part by the ineffectiveness of former counsel, Monica Moncrieffe; and, finally, that defendants misrepresented to plaintiffs that the matter was concluded and that plaintiffs no longer had available administrative remedies, thereby preventing plaintiffs from pursuing those remedies further.

The IDEA requires states receiving federal education funds to provide a FAPE to all children with disabilities. 20 U.S.C. § 1400(d)(1)(A) (2012). As part of its procedural safeguards, the IDEA also requires states hold a due process hearing whenever a parent lodges a complaint concerning the services provided. 20 U.S.C. § 1415(f). Plaintiffs must exhaust their administrative remedies before bringing a federal suit under the IDEA. See, E.L. ex rel. Lorsson v. Chapel Hill-Carboro Bd.

6

of Educ., 773 F.3d 509, 513-14 (4th Cir. 2014) (internal citations omitted).  Whether plaintiffs have properly exhausted all administrative remedies is a pure question of law.  Id. at 514.

> i. Constitutionality of Exhaustion of Administrative Remedies Requirement and Futility

The Fourth Circuit has consistently upheld the administrative exhaustion requirement, and in 2014, specifically upheld the constitutionality of North Carolina's two-tiered system. E.L. ex rel Lorsson, 773 F.3d at 513-14.  Plaintiffs, however, argue that a state due process hearing would not adequately address their particular complaints, and that "such a state remedy is and would have been 'constitutionally inadequate.'"  (Obj. to M&R, DE 19).  Plaintiffs assert that one reason for unconstitutionality is that a state due process claim would be futile. Id. at 2. The Fourth Circuit has recognized exceptions to exhausting the administrative process in only three very narrow circumstances: "(1) where the administrative process would be futile, (2) when the parents do not receive proper notice of their administrative rights, or (3) when exhaustion would be harmful to the disabled child." E.L. ex rel Lorsson, 773 F.3d at 516.

While futility is one of three narrow exceptions to the exhaustion requirement, it is not a basis upon which the requirements may be proclaimed unconstitutional. See, M.M. ex rel D.M. v. School Dist. of Greenville County, 303 F.3d 523, 535-36 (4th Cir. 2002).  Plaintiffs bear the risk of failing to prove their claims in civil actions brought under the IDEA. Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56 (2005).  With regards to the futility of the administrative remedies in plaintiffs' particular case, plaintiffs have provided no facts to support such an argument beyond conclusory allegations.  As a result, plaintiffs' arguments that North Carolina's administrative requirements are futile and facially unconstitutional are without merit.

7

ii. Attempted Exhaustion of Administrative Remedies

Plaintiffs also argue that retained counsel, Moncrieffe, informed plaintiffs that she "knew exactly what was needed, 'a state due process complaint.'" (Obj. to M&R at 3, DE 19) Plaintiffs, however, contend that later, Moncrieffe "refused" to file such a complaint, and informed plaintiffs to "Just agree with the defendants and take whatever they offer." Id. Accepting plaintiffs' allegations as true, the court still is unable to find merit in the argument. The Fourth Circuit has refused to create an exception to the exhaustion requirements which encompasses legal malpractice and ineffective counsel, and this court will not grant an exception where the Fourth Circuit has not. See E.L. ex rel Lorsson, 773 F.3d at 516. An attorney is not required to request a due process hearing, and plaintiffs were free to request the hearing upon learning that counsel "refused" to file the complaint on behalf of plaintiffs. 20 U.S.C. § 1415(f). There is no right to an attorney in civil matters generally. Lassiter v. Dep't of Social Services of Durham Cnty, 452 U.S. 18, 26-27 (1981). Therefore, plaintiffs' argument that they should be excused from the administrative requirements because of ineffective counsel is without merit.

iii. Defendants' Misrepresentations Concerning Administrative Remedies

Finally, plaintiffs allege that on November 11, 2014, defendant Mazingo, in his capacity as Lenoir County Public School Superintendent, wrote to plaintiffs, informing them that "We [Lenoir County Public School Board] consider this matter concluded." (Obj. to M&R at 4-5, DE 19). Plaintiffs contend that through this letter, defendants represented to plaintiffs that the issues underlying plaintiffs' complaint had been resolved to the extent possible by administrative remedies, leading plaintiffs to believe their only recourse at that time was filing suit in federal court. While

8

plaintiffs argue that they were "beguiled" into believing administrative remedies were exhausted, plaintiffs, in the same filing, admit that they were provided by defendants with a handbook that outlined "Parents' Rights." (Obj. to M&R at 5-5, DE 19). Further, in plaintiffs' complaint, plaintiffs included several letters from defendants which included the following closing sentences:

> "If you disagree with this decision, you, as the parent, are entitled to the due process rights that are describe (sic) in your Handbook on Parents' Rights (http://www.ncpublicschools.org/ec/policy/resources/). We have also enclosed a copy of the Handbook for your convenience. The deadline for filing a petition for due process is one year (1 year) from the receipt of this notice."

(Compl. at 21, 26, 28, 38, 39, DE 16).

The particular letter mentioned by plaintiffs, dated November 11, 2014, is not included in these materials. Accepting the evidence in the light most favorable to plaintiffs, however, plaintiffs still have failed to show that they did not receive proper notice of their administrative rights. Further, in light of defendants' apparent policy to include a Handbook on Parents' Rights in most correspondence with plaintiffs, as illustrated by plaintiffs' own evidence, plaintiffs have failed to show that plaintiffs reasonably believed decisions from the school foreclosed administrative review.

In sum, plaintiffs failed to allege exhaustion of administrative remedies, and the court therefore lacks subject matter jurisdiction over the IDEA claim.[5]

---

[5] The magistrate judge addressed the claims on failure to state a claim grounds. The proper grounds for dismissal of IDEA claims based on failure to exhaust administrative remedies is lack of subject matter jurisdiction. M.M. ex rel D.M., 303 F.3d at 536.

## CONCLUSION

Based on the foregoing, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the M&R in part. Plaintiffs' claims under the IDEA must be DISMISSED for lack of subject matter jurisdiction, and plaintiffs' remaining claims are DISMISSED for failure to state claim. Accordingly, the action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is directed to close this case.

SO ORDERED, this the 31st day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Court Judge